# ORLEANS COUNTY.

## MARCH TERM,—1840.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    " STEPHEN ROYCE, } *Assistant Justices.*
    " ISAAC F. REDFIELD, }

## ROBERT H. IVES *v.* ALPHA ALLYN.

A will, made and approved in another state, cannot be read in evidence in
our courts on the trial of a title derived under it to lands in this state,
unless a copy of such will is filed and recorded in the probate court in
this state.

When such will was admitted as evidence and the plaintiff claims and
makes title through the devisee, the verdict must be set aside, notwith-
standing it may appear that the plaintiff might have claimed through
the heir at law, as the deposition, which proved him to be heir, also
proved that his ancestor did not die intestate, but made a will.

EJECTMENT, for lot number sixty eight, in the first division
in Charleston, belonging to the original right of James H. Ol-
ney. Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiff read in evi-
dence a copy of the charter of Charleston, which was objected
to,but admitted. He also proved the lot in question duly sever-
ed to the first division of the right aforesaid. And,having traced
the title to said right, from said original proprietor to one

CASES IN THE SUPREME COURT

Christopher Olney, he then offered in evidence a certified copy of the last will and testament of said Christopher Olney, who, by said will, devised one full right or share of land in the township of Navy, (now Charleston,) in the state of Vermont, to his daughter, Sally Ann Olney, her heirs and assigns, and also devised another full right or share of land in said township to Rebecca Olney, her heirs and assigns. The defendant objected to this will, because it had never been probated nor recorded in any probate court in this state, but the objection was overruled and the will admitted.

The plaintiff also offered a certified copy of the will of Sally Ann Olney, who, in and by said will, made the following devise, viz :—" I give, devise and bequeath to my sister Rebecca Bowen, wife of William C. Bowen, and to her heirs and assigns forever, the one half of a right of land in the state of Vermont, which right is owned equally by the said Rebecca and myself." The latter will was never probated nor recorded in any probate court in this state, and, for that reason, was objected to by the defendant, but the objection was overruled and the will was read in evidence.

The plaintiff then offered the following deposition:

" I, Mary Olney, spinster, of Providence, county of Providence, and state of Rhode Island, of lawful age, depose and say, that the late James H. Olney was the son of my honored father, Christopher Olney ; that he died about the year 1796, intestate, leaving no issue ; that his father succeeded to all his property ; that Christopher Olney, our father, died in 1809, and, by will, devised one of his rights of land in Navy, Vermont, to his daughter, Rebecca, who afterwards married the late Doctor William C. Bowen ; his other right of land, in Navy, Vermont, my father devised to his daughter, Sally-Ann, who died in April, 1815, and she devised the same to our sister, Rebecca, then Mrs. Bowen, who died in June, 1815, leaving two children, one a daughter, who died in infancy, and the other a son, who is the present William C. Bowen. His father died when William was an infant. The foregoing facts occurred under my immediate observation, as I always resided in my father's family. And further say not.

(Signed,)                                MARY OLNEY."

ORLEANS,
March,
1840.

Ives
v.
Allyn.

This deposition purported to have been sworn to before a justice of the peace, in Rhode Island, and the certificate and caption were in due form, and purported to have been signed by such justice. The defendant objected to the admission of the deposition, but the court overruled the objection.

The plaintiff also read in evidence a deed from William C. Bowen, to the plaintiff, conveying all the said Bowen's lands in Vermont to the plaintiff, which deed was dated at the " city of Providence," January 6, 1834, and the acknowledgment is certified thus :—" Providence. On the 10th of June, A. D. 1834. Then and there appeared the within named William C. Bowen, and acknowledged the within instrument to be his free, voluntary act and deed, before me, GEORGE. F. MANN,
*Justice of the Peace.*"

The plaintiff also proved that the defendant was in possession of the land in question previously to and at the time of the commencement of this suit.

The court charged the jury that, if they should find the facts stated in the deposition of Mary Olney proved to their satisfaction by said deposition, the plaintiff would be entitled to recover; but otherwise, their verdict should be for the defendant.

The jury returned a verdict for the plaintiff. And to the several decisions and charge aforesaid, the defendant excepted.

*Cooper & Redfield,* for defendant, contended that the wills of Christopher Olney and Sarah Ann Olney were improperly admitted as evidence, as they had never been probated nor recorded in any probate court in this state, as required by our statute. See Comp. Stat. p. 337. § 23.

If the wills had been duly proved, they ought not to have been received in this case, because,

1. The will of Christopher does not assume to devise the right of James H. Olney. It gives two rights in Navy, but which of the sixty rights does not appear.

2. The will of Sally Ann does not purport to convey the right in question, nor any part of it. Nor does it convey the same lands devised by Christopher to Sally Ann.

Parol evidence cannot be received to alter or even to ex-

plain the will so as to give that part force, which, without such evidence, would be inoperative. 3 Stark. Ev. 1000, 1002, 1010, 1012.   8 Eng. C. L. 193.   11 Mass. 27.   Ca. Temp. Talbot, Ab. 240.   1 Salk. 235, 236, 237.

The deposition of Mary Olney, ought to have been rejected, because it attempts to vary, alter and explain the wills, and assumes to prove facts which, if true, were matters of record.

The deed from Wm. C. Bowen to the plaintiff ought not to have been received in evidence, as the certificate of the acknowledgment does not show where the acknowledgment was made and certified.   There are ten towns called Providence, in the United States.

*E. Paddock*, for plaintiff.

Without the introduction of the wills of Christopher and Sally Ann Olney, inasmuch as the defendant is a stranger to and having shown no title to the lot in question, the plaintiff is entitled to recover, if the acknowledgment of his deed from Wm. C. Bowen is valid ; for Wm. C. Bowen is the sole heir of his mother, Rebecca Olney, who is the daughter of Christopher Olney, and he the legal heir of his son James H. Olney, the grantee ; so that Wm. C. Bowen, the grantee of the plaintiff, must hold a portion of both rights as tenant in common with Mary Olney, they being the only heirs of Christopher Olney ; and a tenant in common may recover against a stranger.

The deed of Wm. C. Bowen to the plaintiff, is, upon the face of it, executed in conformity to the letter of our statute; that is, signed, sealed, witnessed by two witnesses and acknowledged before a justice of the peace, and recorded in the town where the lands lie ; and this, without any other showing, ought to make a *prima facie* title.   If the acknowledgment had been taken before one who did not sign as justice of the peace, then it would rest on the plaintiff, to show that he had authority to take acknowledgments of deeds ; but, acting as justice of the peace, is evidence that he is what he claims to be, until the contrary is shown, and our statute makes him competent to take acknowledgment of deeds conveying lands in this state, whether he is authorized by the laws of Rhode Island to take acknowledgment of deeds or not.

It is true that the magistrate has not headed his certificate with the state in which the acknowedgment was taken, but there is that in and about the deed, which must satisfy the court that it was in Rhode Island. We find it recorded by the city clerk of Providence, the town clerk of North Providence, and the town clerk of Johnston, places as well known to the court as lying in Rhode Island, as they know the city of Boston, South Boston and Cambridge to lie in Massachusetts. The evidence in this case must be more satisfactory as to the place where the acknowledgment was taken, than it was in the case of *Brooks* v. *Chaplin*, 3 Vt. R. 281.

It is objected to the two wills that they have not been recorded in the probate office. If this suit was in the name of an executor or administrator it would be necessary to show his right to prosecute, and the 23d section of the probate law directs how it shall be shown. But here the heir of the legatee has conveyed, and his grantee has brought the suit. It appears to us that the wills having been recorded in the town clerk's office of Charleston, is all which is necessary to give the right of action ; the prior estates, through which the lands descended, having all been settled at a distance of from 25 to 40 years. To take out a new letter of administration and subject these estates to a re-examination, seems to us to be preposterous.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—In this case, in order to establish a title to the right of James H. Olney, who was original proprietor of the lot sued for, the plaintiff introduced certified copies of two wills, to wit, that of Christopher Olney and that of Sally Ann Olney. It was necessary for the plaintiff, if he produced either deeds or wills, to establish a title, to produce such as were valid under the laws of this state. Alienation of real estate, whether by deed or devise, as well as the rule of inheritance, are regulated by the *lex rei sitæ.* In England, in all cases where a title to real estate is to be made through a will, the will itself must be proved. The probate thereof before the ecclesiastical court is of no importance. In this state the probate of a will is conclusive proof of its execution, as it respects real, as well as personal estate. The efficacy of the probate is derived from our statute, and,

without any statute in relation to the probate, it would be necessary, as in England, to produce the original in trials of titles derived under it. By the statute of 1797, a will, executed, proved and allowed in any probate court of the United States, might, after due notice, be filed and recorded in any probate court in this state, and such filing and recording had the same force and effect as the probate of an original will. A further provision, in 1804, required such copies to be recorded in the probate office and in the town clerk's office. The present statute, which was passed in 1821, is similar in its provisions. Notice is to be given to all persons concerned, to appear and contest the probate or filing and recording, and when recorded, the copy of the will thus proved and allowed in another state, recorded here, is to have the same effect as the probate of an original will. Without this statute it would have been necessary to have produced the original wills, and the probate in Rhode Island would have no effect on any lands in this state, devised under either of the wills. The copies of the wills, not having been filed and recorded in any probate court in this state, and no probate of them having been obtained, were not legal evidence of their execution, and were not admissible in evidence.

It is now contended, however, that if the wills are set aside, it appears that William C. Bowen had title to the lands in question, as heir to Rebecca Bowen, who was daughter and heir of Christopher Olney, to whom the title was traced, and that this appears by the deposition of Mary Olney, which is a part of the case. This position, however, cannot be maintained for two reasons.

1. The plaintiff, after the copies of the wills were admitted, made out a title through the devisees. It would have been of no use to attempt to controvert the title of the heirs by any evidence tending to disprove the fact of their being heirs, or to show a title under any other heir. If the wills were not properly admitted, the title, on which the plaintiff recovered, fails entirely.

2. The same deposition of Mary Olney, which proved the pedigree of Wm. C. Bowen, proved also, that Christopher Olney did not die intestate, and this made it necessary for the plaintiff to introduce the wills.

Had these points been obviated, we should have had no

difficulty with the other questions which have been made. The wills being established, Wm. C. Bowen had an interest in the lot in question, sufficient to maintain an action. If it was known to the court that a justice of the peace in Rhode Island was authorized to take the acknowledgment of deeds, the certificate or acknowledgment of this deed was legal and sufficient, according to the authority of *Brooks* v. *Chaplin*, 3 Vt. R. 281. But, for the reasons before mentioned, viz: the admission of the copies of the wills of Christopher Olney and Sally Ann Olney, the judgment of the county court is reversed.