VERNON L. OLNEY & others *v.* LEMUEL ANGELL, Administrator.

The legatees under a will made in another state by a person domiciled there, are not, as such, incapable of pursuing in equity the administrator of the estate of their testatrix in Rhode Island, for an account of assets and the payment of their legacies, because such will has not been proved or filed and recorded here; inasmuch as they sue in their own right, and not in the right of their testatrix, or as her representatives.

A will proved only in another state, and the execution and validity of which is denied by the answer, cannot, however, be received in such suit in evidence of the title of the plaintiffs, nor has the supreme court of Rhode Island, sitting in chancery, any power to take probate of such will; but in order that such will should be allowed to operate upon the personal property of the testatrix in this state at the time of her death, it must be filed and recorded in the proper probate court here, in pursuance of the provisions of ch. 155, §§ 5–10 of the Revised Statutes.

BILL IN EQUITY, filed by Julius Nathan, and Dorcas J. Nathan, his wife, in right of said Dorcas J., and by Vernon L. Olney, two of the legatees, under the will of Susan Olney, late of Barraboo, in the county of Sauk, and state of Wisconsin, deceased, in behalf of themselves and the other legatees of said Susan, against the defendant, administrator of the estate of said Susan, appointed by the court of probate of North Providence, in Rhode Island; said two legatees being also residuary legatees under said will, and the husband of one of them being also administrator, in Wisconsin, of said Susan, with the will annexed.

The bill prayed for an account of the assets of the testatrix which had come to the hands of the respondent as administrator on her estate in Rhode Island; that the respondent might be decreed to pay to the complainants their special legacies under said will, as well as the other legacies to the several legatees under the same, and after payment of the expenses of settling the estate, the funeral charges, and debts of the deceased, to pay over the residue of the estate of said Susan in his hands, either to the complainants, as residuary legatees, or to the plaintiff, administrator with the will annexed, in Wisconsin, for administration in accordance with said will; and for general relief.

The answer alleged, in substance, the due appointment of the respondent as administrator of the estate of said Susan Olney by the court of probate of North Providence; his return of an inventory of the personal property of said Susan, amounting to about $2,500; his payment of some small debts of said Susan, amounting to about twenty dollars, and the presentment to him, for payment, of a note purporting to be given by her, at Barraboo, for $150, at twelve per cent. interest; but professed ignorance, whether the said Susan, though she died

at Barraboo, was there domiciled, or whether she left a will, or whether, if she had, it had been admitted to probate in Wisconsin; but alleged, that such will is void and inoperative in Rhode Island because executed in the presence of two witnesses only, and that the probate in Wisconsin is of no effect here.

Replication being filed to the answer, proofs were taken by the complainant, under a commission, tending to show, that some six months' previous to her death in Barraboo, Wisconsin, Susan Olney, the testatrix, had taken up her permanent residence there with a married daughter; and a certified copy of her will, executed in the presence of two attesting witnesses, according to the law of Wisconsin, was also produced in evidence, together with a certified copy of the probate of the same by the probate court of Sauk county, Wisconsin, as evidence of the title of the complainants.

*Lapham*, for the complainants:—

In *Harvey* v. *Richards*, 1 Mason, 381, 430, it was held, that a court of equity would, upon the application of the legatees, next of kin, or other competent parties, decree a distribution of a testator or intestate's estate according to the *lex domicilii*. In *Trecothick* v. *Austin*, 4 Mason, 16, it is held, that although no suit can be maintained in our courts by a foreign executor or administrator, unless he has taken out administration here, yet the principle does not apply except when the party sues in right of the deceased. If he sues in his own right, although his right is derived under a foreign will, no administration need be taken out here, if he does not claim real estate passed by the will here. A derivative title to personalty may be proved under a foreign will, though the will be not proved here.

*R. W. Greene*, for the respondents:—

1st. The probate of the will of Susan Olney by the decree of the probate court in Wisconsin, can have no effect beyond the territory of that state; and in order to sustain a suit under the will in Rhode Island, either at law or equity, it must be probated by a probate court of Rhode Island, or a copy of it admitted to record here. *Strong* v. *Perkins*, 3 N. H. 517; *Kittredge* v. *Folsom*, 8 Ib. 111; *Wilson* v. *Tappan*, 6 Ohio, 172,

and cited in Wilcox's Digest, 525; *Ives* v. *Allyn*, 12 Verm. 589; *Woodruff* v. *Taylor*, 20 Ib. 65.

2d. An executor, appointed by a court of probate in another state, cannot bring an action in this state, without proving the will here, or procuring a copy thereof to be admitted to record here. *Kerr* v. *Moon*, 9 Wheat. 565; *Naylor* v. *Moody*, 2 Blackf. 247; *Goodwin* v. *Jones*, 3 Mass. 514; *Perkins* v. *Williams*, 2 Root, 462; 1 Williams on Executors, 239, and cases cited in note (*i*); Ibid. 301, and cases cited in notes.

There is another objection to the plaintiffs' bill, founded on the provision contained in the Rev. Stats. ch. 155, § 9, which is, that " nothing in the preceding four sections shall be construed to make valid any will that is not executed, subscribed, and attested, according to the law of this state," &c.

The question is, whether this proviso does not change the common-law rule, that a will of personalty, executed according to the law of the domicile of the testator, is valid to pass personalty everywhere. In *Crofton* v. *Ilsley*, 4 Greenl. (Maine,) 138, 139, the court consider this a doubtful question, the statute of Maine being similar to that of Rhode Island. The counsel for the administrator do not propose to discuss this question in the present state of this cause, but ask to be heard upon it, if the court should ever come to it, under the present bill, answer, and proofs.

AMES, C. J. This bill is brought by two of the legatees under the will of the late Susan Olney, which has been admitted to probate in Wisconsin where she died, but has never been proved or filed and ordered to be recorded here, against the administrator appointed upon the estate of said Susan in Rhode Island, for an account and administration of her estate here in accordance with her will, or for a decree that the same may be paid and delivered over to the husband of one of the plaintiffs, who is also administrator of the said Susan in Wisconsin with the will annexed, for the due administration of this, her estate, there, in accordance with her said will. The plaintiffs do not therefore sue in any representative, but in their personal character, as special and residuary legatees, entitled to the property in the hands of the defendant, the Rhode Island

administrator of their testator, by virtue of her will; and although one of them is stated in the bill to be the administrator with the will annexed of the said Susan in Wisconsin, he is also the husband of one of the said legatees, and is joined with her, and entitled to be joined with her, *personally* in this suit, as her husband. The objection that this is a suit by a foreign administrator therefore fails, according to the distinction taken by Mr. Justice Story, in *Trecothick* v. *Austin,* 1 Mason, 16, and in *Harvey* v. *Richards,* 4 Ib. 381, 430; the plaintiffs suing here in their own right, and not in the right of the decedent, Susan Olney.

Their title to the relief which they ask, is, however, founded solely upon the will of Susan Olney; neither the execution, or validity, or the validity of the probate of which, is admitted in the answer. Without going into these questions of execution and validity, which may more properly be brought before us in another proceeding, it is sufficient now to say, that this will has never been proved before, or ordered to be filed and recorded, under the statute, by, any probate court in Rhode Island; and that, unless the probate in Wisconsin is to have effect upon the estate of the testatrix in Rhode Island, we have and can receive, sitting in chancery, no proof whatsoever that this is the will of Susan Olney. The exclusive jurisdiction over the probate of wills, as. to both real and personal estate, is vested by our statutes in the appropriate probate courts of the several towns, with an appeal from each to this court, as the supreme court of probate; and if this will has not already been proved in such mode as to be operative upon things in Rhode Island, we have no *original* jurisdiction whatsoever to hear proof concerning, and to allow it. *Tompkins* v. *Tompkins,* 1 Story, 547, 554–559; *Langdon et al.* v. *Goddard et al.* 2 Ib. 267, 276; *Mathewson* v. *Sprague et al.* 1 Curtis, 457, 463; *Moore* v. *Greene,* 2 Ib. 202, 203; *Gaines et ux.* v. *Chew et al.* 2 How. 646.

Is then the will of Susan Olney, for the purpose of the relief here sought, entitled to be considered as proved, by virtue of the probate in Wisconsin? It is true that, in England, the probate of a will has always been considered as a judicial act, (*Lee* v. *Moore,* G. Palm. 163); yet, at the same time, as limited in its

effect, to things locally within the jurisdiction of the court granting it.   Thus, a Scotch probate is not recognized by an English court of chancery; *McDonald* v. *Bryce*, 17 Eng. L. & Eq. R. 305, 308 ; but if the testator be domiciled in Scotland, and leave effects there and in England, the will is proved in the first instance in the court of great sessions, in Scotland, and a copy duly authenticated being transmitted to England, it is proved in the ecclesiastical court, and deposited there as if it were an original will.  1 Williams on Executors, 205 ; Toller, 70.   On the other hand, it is settled, that an English probate does not operate upon the effects of the testator abroad, though he be domiciled in England, and the will disposes of the foreign effects ; and hence the probate duty given by 53 Geo. III. c. 184, " in proportion to the value of the estate and effects *for and in respect of which such probate shall be granted,*" is not payable in respect of the personal property of such testator situated in a foreign country at the time of his death, though it be afterwards brought to England and there administered.   *In re Ewin,* 1 Cromp. & Jer. 157, per Bayley, B. ; *Attorney-General* v. *Dimond,* Ib. 356 ; *Attorney-General* v. *Hope,* 1 Cromp. Mees. & Rosc. 530 ; *Attorney-General* v. *Bouwens,* 4 Mees. & Welsb. 171, 190.

It is old law, that a will made in a foreign country and proved there, must also be proved in England, in order to dispose of personal property in England.   *Lee* v. *Moore,* G. Palm. 163 ; *Tourton* v. *Flower,* 3 P. Wms. 369 ; *Vanthienen* v. *Vanthienen,* Fitzg. 204.

Following this rule so early established and so fully carried out in the mother-country, we apprehend it to be equally well settled by the decisions and legislation of this country, that the effect of a decree proving a will, like that of a decree granting administration, is confined *de jure* to the territory, and things within the territory, of the state setting up the court.   In their nature, such decrees are decrees *in rem*, passed by courts deriving all their authority from the state which institutes them, and necessarily, in great part, upon constructive notice only to those interested in the decrees ; and it is difficult to see how a wider operation could be allowed to them, consistently with a just attention to the rights and claims, to the property of the dece-

dent, of citizens of other states in which the property was, at the time of his death. Whatever other operation is allowed to them is mere matter of comity, which every state is at liberty to yield or to withhold, according to its own policy and pleasure, with reference to its own institutions and the interests of its citizens. *Selectmen of Boston* v. *Boylston,* 2 Mass. 384, 391; *Goodwin* v. *Jones,* 3 Mass. 510, 514, 520, Parsons, C. J.; *Pond, Adm'r,* v. *Makepeace,* 2 Met. 114; *Doolittle* v. *Lewis,* 7 Johns. Ch. R. 45, 47; *Strong* v. *Perkins,* 3 N. H. 517; *Kittredge* v. *Perkins,* 8 Ib. 111; *Ives* v. *Allyn,* 12 Verm. 589; *Woodruff* v. *Taylor,* 20 Ib. 65, 73; *Budd* v. *Brooke,* 3 Gill, 198; *Ward* v. *Hearne,* Busbee (N. C.) R. 184; *Ward* v. *Hearne,* 3 Jones (N. C.) Law R. 326; *Wilson* v. *Tappan,* 6 Ohio, 172; *Bailey* v. *Bailey,* 8 Ib. 239; 1 Marsh. 303; *Sneed* v. *Erving and wife,* 5 J. J. Marsh. 465; *Darby* v. *Mayer,* 10 Wheat. 465, 469; *Armstrong* v. *Lear,* 12 Ib. 169, 175, 176; *Vaughn et al.* v. *Northup et al.* 15 Pet. 5; *Stacy* v. *Thrasher,* 6 How. 59, 60, 61; *McLean et al.* v. *Meek,* 18 Ib. 16; Story, Confl. of Laws, 425, n. and §§ 512–514 *a,* and p. 431, n; 1 Williams's Ex'rs, 204, n. 1.

The legislation we believe of nearly all the states, and certainly of our own, proceeds upon the supposition that such is the limited operation of the probate of a will had in a foreign country or in another state; and provides some mode, in general analogous to that pursued in England with regard to a will which has received a Scotch probate, by which conclusive operation may be given to such a will within the state, full notice being given to all persons interested, in order that they may appear and contest the validity·of the same. Rev. Stats. R. I. ch. 155, §§ 5–10; *Dublin* v. *Chadbourn,* 16 Mass. 453; *Laughton* v. *Aiken,* 1 Pick. 535; *Trecothick* v. *Austin,* 4 Mason, 34; 1 Williams's Ex'rs, 205, n. 1; Story, Confl. of Laws, § 513, and note 1, and cases cited.

We do not apprehend that art. 4, § 1, of the constitution of the United States, extends the operation of the probate of a will, as a judicial act of a state, beyond its own territory. " Full faith and credit " is given to such a decree, when it is left where it is found, local, in its nature and operation.

Our conclusion is, that we cannot give effect to the Wisconsin probate of the will of Susan Olney, as evidence of its validity, in order to allow her will to operate upon property in Rhode Island; and that before her will can afford a proper foundation to the plaintiffs for the relief which they seek, it must be filed and recorded in the proper probate court here, in pursuance of ch. 155, §§ 5–10 of the Revised Statutes. We have purposely avoided the consideration of the question turning upon the construction of that chapter, and suggested by the respondent, in reference to foreign wills when executed with the formalities required by the law of the place of the testator's domicile though not with those required by our own, as well as of other questions touching the validity of this will, as a will operative upon the personal property of the testatrix, here at the time of her death. These questions will more properly come before us, if at all, upon appeal from the decree of the court of probate in which a copy of this will shall be filed for allowance and record.

This bill must be dismissed; but in the view which we now take of the substantial merits of the claim of the plaintiffs, and the position of the defendant as a trustee, we think it must be without costs.