ARCH. COX and wife, et als. v. BEAUFORT COUNTY LUMBER CO., et als.

(Decided February 28, 1899).

*Burnt Records—Wills and Probate—Parol Evidence—Witness, Competency of.*

1. Independent of the statute relating to burnt and lost records (The Code, chapter 8, passed in aid of the common law), it is competent to prove by parol evidence the existance of a destroyed record. *Mobley v. Watts*, 98 N. C., 284.

2. The existence of a will, its probate and registration, where destroyed by fire, and also the contents of the will and qualification of the executor, may all be established by parol evidence.

3. The executor, named in the will, is a competent witness to testify as to all these circumstances, notwithstanding he is a devisee, under whom some of the parties to the action claim. He is rendered competent by The Code, section 589, and is not disqualified by section 590, as to transactions occurring after the death of testator, as they can in no sense be considered as transactions between the witness and the testator.

4. Section 590 would not seem to apply to wills, which are governed by section 2147 of The Code, affecting the interest of devisees and legatees when attesting witnesses thereto.

5. Where a will has been proved and recorded, it will not be presumed that the testator died intestate as to any part of his estate—the presumption is the other way.

Special Proceeding for Partition of land transferred from the Clerk of the Superior Court of Pitt County for trial, at Term, of the issues joined, and heard before *Brown, J.,* at December Term, 1898.

Plaintiffs claimed that they were tenants in common with defendants.

Defendants claimed that they were sole owners. It was admitted that the land in controversy was owned by James Wilson at the time of his death in July, 1856.

The plaintiffs claimed that James Wilson left no will and that they were entitled as heirs-at-law to share in the property.

The defendants claimed that James Wilson left a will, which was found four days after his death and admitted to probate and registration in 1856, in which the land was devised to his son, Simon Wilson, whom he constituted executor, and who duly qualified as such, and under whom the defendants derived title by successive conveyances.

All these circumstances relating to the will defendants proposed to prove by the deposition of said Simon Wilson, who was incapacitated from attending Court—it having been previously shown that the court-house in Greenville was burned on January 8th, 1858, along with the Court records.

The plaintiff objected to the competency of the witness under section 590 of The Code, and to the competency of the evidence, on the ground that the evidence of a destroyed record, with its contents, could not be proved by parol evidence in this collateral way, but that it required a direct proceeding under The Code, chapter 8, to set up and restore the destroyed record. The objections were overruled by his Honor, and the evidence admitted. Plaintiffs excepted.

There was verdict and judgment for defendants and plaintiffs appealed.

*Mr. A. M. Moore,* for plaintiffs, (appellants).
*Messrs. J. L. Fleming* and *Shepherd & Busbee,* for defendants.

Furches, J. This proceeding was commenced before the Clerk of the Superior Court of Pitt County, for the parti-

tion of land, in which plaintiffs allege that they are tenants in common with the defendants. This is denied by defendants, who claim to be the sole owners of said lands. This makes it substantially an action of ejectment, and subject to the law and rules governing in the trials of such cases. *Alexander v. Gibbons,* 118 N. C., 796.

It is admitted that James Wilson was the owner of the lands in controversy and that both parties claim under him— the plaintiffs, by descent, as heirs-at-law of James, who they allege died intestate in 1856. The defendants deny that the said James died intestate, and allege that he left a last will and testament, in which he devised said lands to his son, Simon B. Wilson; that said will was after the death of the testator duly admitted to probate and recorded in the Clerk's office of Pitt County, and that defendants now own and hold said lands under Simon B. Wilson by successive conveyances from him to them.

And it being admitted that plaintiffs were children and heirs-at-law of James, the plaintiffs had a *prima facie* case, and the burden was upon defendants.

Defendants then showed their chain of title from Simon B. Wilson to them and then proposed to prove by parol that James Wilson left his last will properly executed; that this will was duly probated and recorded in Pitt County in 1856; that the court-house in Greenville, Pitt County, was burned in 1858; and that this will and all the records and entries, showing its probate and registration, were burned and destroyed at that time. Defendants also proposed to prove by parol that the lands now in controversy were willed to the said Simon B. Wilson. To prove the existence, probate and recording of said will, defendants introduced or read the deposition of the said Simon, under whom they hold.

All this was objected to by plaintiffs, but allowed by the

Court, and plaintiffs excepted.  Defendants offered another witness, one Dancy, not a party nor interested, whose evidence tended to prove the probate and recording of said will. But as the testimony of Simon B. Wilson was also offered and allowed for this purpose, it is only necessary to treat the case as presented by his evidence; for if his evidence was improperly admitted there must be a new trial.

Plaintiffs' first objection is that any parol evidence was incompetent on this trial to prove and establish the probate and recording of said will.  That it is an effort on the part of defendants to prove and establish a record by parol testimony, which is not allowable.  To do this, plaintiffs allege that there should have been a direct proceeding for that purpose, under the statute.  But this position of plaintiffs can not be sustained.  *Mobley v. Watts,* 98 N. C., 284, and authorities cited.

As we have seen that it is competent to show the existence of a will by parol, and that where the records of the Court have been burned and destroyed, destroying the will and record of its probate and registration, that the same may be proved by parol, the question in this case is as to the competency of Simon B. Wilson to prove these facts.  He is the assignor of the defendants and is therefore incompetent to testify as to transactions and communications between him and his father, James, under whom the plaintiffs claim.  The facts testified to by him are that four days after the death of his father he found this will among his papers; that he carried it to Court and had it probated and recorded, and that he qualified as executor (being named as such therein), and that he settled the estate of his father.  Were these transactions or communications with his father?

They can not be communications with his father, for his father was dead.  The finding of the will among his father's

124—6

papers four days after his death can not be a transaction with his father.   The taking the will to Court and having it proved and recorded can not be a transaction with the father, who was dead.   These propositions seem to be too plain to admit of doubt or discussion.

The last ground in support of plaintiffs' contention is that, as Simon was a devisee in said will, that this made it a transaction with the father.   But it does not seem to us that this contention of plaintiffs can be sustained.

Suppose it had been a promissory note given to Simon by his father—he would have been incompetent to prove the execution—that he saw his father sign the note; but he would have been a competent witness to prove the signature of his father, and then the note proved the transaction.

In this case Simon did not prove the execution of the will; he was not a witness to it; it (the will) was proved by others, and when it was proved, like the note, it spoke for itself.   It was then a matter of record, subject to the inspection of all persons, and not a transaction with any one. Simon was a competent witness under section 589 of The Code, and only incompetent under section 590, as to transactions and communications.   *Fertilizer Co. v. Rippy,* 123 N. C., 656; *Sykes v. Parker,* 95 N. C., 232.

But to our minds there is quite a distinction between a note, or any transaction, *inter partes,* where there is necessarily a contract or any agrement between the parties thereto, and a will, where there is no transaction between the parties. For this reason, it seems that section 590 of The Code does not apply to wills, but that they are governed by section 2147 of The Code.

The competency of Simon B. Wilson to testify to the finding of the will, to the probate and recording the same, being shown, and the jury having found that James Wilson did not die intestate, but left a last will and testament, which was

admitted to probate and was recorded in Pitt County, the presumption is that he willed the land in controversy. *Blue v. Ritter,* 118 N. C., 580, and authorities there cited.

This being so, and plaintiffs having offered no evidence in rebuttal of this presumption, they have failed to establish title to the lands sued for and their action must fail. *Blue v. Ritter, supra.*

Affirmed.