## W. L. NEVINS v. A. C. HUGHES.

(Filed 24 March, 1915.)

**1. Trials—Instructions—Statement of Contentions—Objections and Exceptions—Appeal and Error.**

Objection to the statement by the trial judge of the contentions of the parties, in his charge to the jury, must be called to his attention at the time, so that it can be corrected and conformed to the evidence, and exception thereto taken after judgment will not be considered on appeal.

**2. Trials—Conflicting Evidence—Questions for Jury—Instructions.**

In this case it is held that the evidence is conflicting and the issues were properly submitted to the jury under proper and approved instructions from the court.

APPEAL by defendant from *Whedbee, J.,* at October Term, 1914, of WAKE.

Action for the recovery of $750, plaintiff's part of the commissions for selling certain "timber and timber rights" belonging to the Deep River Lumber Corporation. Plaintiff alleged that the defendant, who is a real estate broker, had been appointed to make the sale, and stated that his commissions would be 5 per cent on the purchase price, which had been fixed at $30,000, and that he would pay to plaintiff one-half of the commissions if he would make the sale; that the sale was made accordingly by him at the stipulated price, and that the contract on his part was fully performed, whereby he became entitled to his part of the commissions, or $750. Defendant denied all of this and, on the contrary, alleged that, if he offered one-half of 5 per cent, he made a mistake as to the amount of the commissions he was to receive; that there was an original contract, the terms of which were altered afterwards, and that when the contract was thus amended it was understood and agreed between all the parties, the timber company, plaintiff, and defendant, that no commissions would be paid for the sale, either to the defendant or by him to the plaintiff, and that this was fully understood and assented to by all the parties. There was evidence to sustain the contentions of the respective parties. The jury rendered a verdict for the plaintiff for $750, and from the judgment thereon defendant appealed.

*Cox & Cox for plaintiff.*
*P. J. Olive and H. E. Norris for defendant.*

WALKER, J., after stating the case: The only question in the case, as we view it, is one of fact. There are two exceptions, both to the charge of the court. The first is addressed to the statement by the judge of the contention of the plaintiff, and the ground of objection is that there was no evidence to support it; but upon a careful perusal of the testimony, we think otherwise. If the defendant thought that the statement was erroneous or calculated to mislead the jury, he should have called the court's attention to it at the time, so that it could be corrected and conformed to the evidence. *Jeffreys v. R. R.,* 158 N. C., 215; *S. v. Cox,* 153 N. C., 638; *S. v. Blackwell,* 162 N. C., 672; *S. v. Wade,* at this term. But we discover no such fault in the charge.

The second exception was taken to an instruction to the jury, in substance as follows: If you are satisfied, by the greater weight of the evidence, that the contract was made as alleged by the plaintiff, and that he performed it, "in accordance with its terms," in making the sale, the burden being on the plaintiff to so satisfy you, then you will answer the issue, "Yes; $750"; but if not so satisfied, you will answer it "No; nothing," and the ground of the exception is not to the form of the instruction, for it could not well be, but that there was no evidence to warrant it; but we think that there was some evidence to support the entire charge, which was fair, full, and impartial, and presented the issues to the jury with clearness and precision.

Apart from these exceptions, the defendant testified that there was an agreement, after the original contract was changed at Norfolk, that there would be no commissions; but the plaintiff in his testimony contradicted this, and stated that it was understood and agreed that the same amount, as his share of the commissions, would be paid to him, notwithstanding the alteration in the terms of the sale. This presented an issue of fact purely.

Upon full consideration of the case, no error has been found. The jury have simply found the facts against the defendant.