IN RE WILL OF DUNCAN COLE.

(Filed 1 March, 1916.)

**Wills, Joint—Holograph Wills—Surplusage.**

A holograph will of a testator signed by him and by his wife also, found among his valuable papers after his death, and duly probated, is valid as to the property disposed of therein by the husband; and the signature of the wife and other extraneous matters therein appearing in the handwriting of another will be disregarded as surplusage.

APPEAL by caveators from *Devin, J.,* at October Term, 1915, of LEE.

*Williams & Williams and Winston & Biggs for propounders.*
*A. A. F. Seawell for caveators.*

CLARK, C. J.   The paper-writing purporting to be the will of Duncan Cole and Georgia S. Cole, his wife, is as follows:

We give and bequeath to the Methodist Orphanage, situated at Raleigh, North Carolina, all our real and personal property after paying all our just debts and giving a decent burial and headstones to our graves.

This 30 January, 1912.                                    DUNCAN COLE.
                                                         GEORGIA COLE.

SANFORD, LEE COUNTY, N. C.

This will was probated in common form as the will of Duncan Cole.

The case was heard by the court below upon a "case agreed," which sets out that said Duncan Cole died 18 October, 1912, without issue, his wife, Georgia S. Cole, surviving him; that the paper-writing above set out was admitted to probate in common form in Lee County 7 February, 1913, as the holographic will of said Duncan Cole; that said paper-writing and every part thereof, save and except the signature of said Georgia S. Cole, which is in her handwriting, is in the genuine handwriting of said Duncan Cole, and that after the death of said Duncan Cole the said paper-writing was found among his valuable papers and effects.   Upon said agreed state of facts the court properly entered

judgment holding that the said paper-writing was the will of Duncan Cole and should be admitted to probate as his holographic will.

The will in every respect was entitled to probate as the holographic will of Duncan Cole. The signature of his wife thereto was mere surplusage, and could in no wise invalidate the instrument as the will of her husband.

This was in no wise a mutual will, and the authorities applicable to such wills do not apply. This was a joint will, which has been defined as "a testamentary instrument, executed by two or more persons in pursuance of a common intention, for the purpose of disposing of their several interests in property owned by them in common, or of their separate property treated as a common fund, to a third person or persons." 30 A. and E. Enc., 556; 40 Cyc., 2110; Gardner on Wills, 87.

*In re Davis's Will*, 120 N. C., 9, 38 L. R. A., 289, it is said: "There is nothing from which it can be implied even that there was any agreement that if one should devise to these devisees the other would do so, or that if one should afterwards revoke the other would do so. Either had the right to do so, and without notice to the other." The fact that his wife signed this will cannot affect its validity as the will of Duncan Cole. It purports to be the intention of each maker. As the will of Duncan Cole it fulfills all the statutory requirements. The signature of the wife does not purport to be a part of the will of Duncan Cole, and her signature only purports to be an expression of her testamentary intention, and could be considered only if it were offered to be proved as her will.

The validity of joint wills was settled in this State *In re Davis's Will*, 120 N. C., 9, in which it was said: "An instrument of writing, jointly executed by husband and wife, purporting to be their joint will, devising to a third person lands belonging partly to each, may upon the death of the husband, and during the life of the wife, be probated as his will as to his property, devised thereby, and upon the death of the wife, unless revoked, may be probated as to her property." It is true that this could not be done in this case as to the wife, as it does not comply, and could not comply, with the requirements of the statutory provisions as to a holographic will, for two people could not write such will.

This will is not caveated by the wife. She having died since this proceeding was instituted, her personal representative has been made a party, and it may be added that a copy of her will made since the death of her husband has been filed in this cause showing that she subsequently executed her will in proper form, devising all her property according to the intention expressed by herself and husband in this will. If, however, she had executed a will devising the property to other parties, this would not invalidate this instrument as the will of her husband.

The validity of joint wills is beyond dispute. It has been uniformly held that on the death of one of the testators the will thus executed may be admitted to probate as his last will and testament so far as it disposes of his property. Underhill on Wills, secs. 11 and 12; *Frazier v. Patterson,* 17 Anno. Cases, 1013.

The fact that words in a will amounting to mere surplusage are not in testator's handwriting will not vitiate the will. 40 Cyc., 1130. A joint will as to property owned by one testator is valid, the execution by the other testator being mere surplusage. *Allen v. Allen,* 28 Kansas, 18; *Rogers, appellant,* 11 Me., 303; 2 Anno. Cases, 26, note.

The fact that a holographic will is found "among the valuable papers and effects" of the deceased implies that it was placed there by him or with his knowledge and consent, with the intention that it should operate as his will. *In re Jenkins,* 157 N. C., 429.

In *Clayton v. Liverman,* 19 N. C., 558, the majority of the Court held that a will jointly executed by two sisters could not be probated either as a joint will or as their separate wills, upon the ground that such a will was a novelty and unknown to the laws of this country, relying upon *Hobson v. Blackburn,* 2 Eng. Eccl., 115. *Daniel, J.,* dissented in an able opinion, insisting that the Court had misconceived the ruling in *Hobson v. Blackburn.* In the above case of *Davis's Will* this Court, reviewing the decision in *Clayton v. Liverman, supra,* overruled that case and held with the dissenting opinion of *Daniel, J.,* that the majority of the Court had misconceived the decision in *Hobson v. Blackburn.* *In re Davis* was the unanimous opinion of the Court, and, besides, we think, is supported by the reason of the thing. This has been the ruling elsewhere. See notes to *In re Davis's Will,* 38 L. R. A., 289, and notes to same case, 58 Am. St., 773.

Affirmed.