### IN RE WILL OF ELIZA J. SAUNDERS.

(Filed 5 March, 1919.)

1. **Evidence—Wills—Erasures—Deceased Persons—Transactions and Communications—Statutes.**

    Upon the trial of a *caveat* to a will, the testimony of the beneficiaries thereunder that certain erasures were in the will when it was opened, after the testator's death, and that they did not make them, is not a communication or transaction with a deceased person prohibited by Revisal, sec. 1631.

2. **Evidence—Wills—Erasures—Burden of Proof—Trials.**

    Declarations of the testator that he had stricken out certain parts of his will is competent evidence when testified to by a disinterested witness, and the burden of proof is upon the persons claiming thereunder to show that the testator had not made the erasures.

APPEAL by *caveators* from *Whedbee, J.,* at November Term, 1918, of CRAVEN.

*Abernethy, Henderson & Willis for propounders.*
*A. D. Ward and A. F. Ward for caveator, appellant.*

CLARK, C. J. The will of the testatrix has been probated, both in common and solemn form. The only question presented was as to whether certain words which had been erased with pen and ink were erased by the testatrix or some one else at her request, or whether it was done without authority. When the will was opened the erasures were in the will. There was testimony that the testatrix had told the witness that these names had been marked out by her, and that the propounders, her daughter and her grandson, would get all the property.

The exceptions are solely to the competency of the grandson and the daughter, devisees under the will. The grandson, Elias Windley, testified that when the will was opened these erasures were in the paper, and that he did not make them.

Mary E. Windley, the daughter of the deceased and also a beneficiary in the will, testified that she did not see the will before her mother's death, and that she did not make the alterations.

These were matters which occurred after the death of the testator, and which were not transactions or communications between her and the witness.

The declaration of the testator, after he made the will, that he had stricken out any part thereof, was competent, and the burden was on the parties claiming to hold under the erased part that it was not erased by the testator. *Barfield v. Carr,* 169 N. C., 574.

Under Revisal, 1631, formerly Code, 590, the parties in interest are disqualified from testifying only as to personal transactions with the deceased.

For instance, such party could testify that a paper-writing was in the handwriting of the deceased (*Hussey v. Kirkman,* 95 N. C., 65; *Armfield v. Calvert,* 103 N. C., 147; *Sawyer v. Grandy,* 113 N. C., 42), or as to any independent fact which was neither a transaction or communication with the testator. *McCall v. Wilson,* 101 N. C., 600; *Cox v. Lumber Co.,* 124 N. C., 78; *Davidson v. Bardin,* 139 N. C., 3. The subject is fully discussed, with citation of authorities, *Johnson v. Cameron,* 136 N. C., 243; *Brown v. Adams,* 174 N. C., 502. The latest case on the subject is *Sutton v. Wells,* 175 N. C., 3, which holds that "A party in interest may testify to any substantive fact which is independent of any transaction or communication with the deceased, or is based upon independent knowledge not derived from such source."

No error.