IN THE MATTER OF WILL OF NORA D. FOY.

(Filed 6 April, 1927.)

**1. Wills—Deceased Persons—Transactions and Communications — Evidence—Statutes.**

The facts that upon the trial of a caveat to a holograph will the testatrix had placed the paper-writing in a tin box in her trunk, with her other valuable papers and effects, enumerating them; that the deceased carried the keys of the trunk, and these keys were given the witness, a beneficiary under the will, by some of the "women folks" when testatrix died, etc., are of transactions within the personal knowledge of the witness, and evidence thereof is not forbidden by our statute, excluding personal communications and transactions with deceased persons.

**2. Wills—Revocation—Gifts—Statutes.**

A bequest of personal property in a trunk which contained the holograph will and other valuable papers of the deceased, after removing certain articles specifically bequeathed to others, is not a revocation of her will by the testatrix. C. S., 4133, *et seq.*

In re Foy.

CIVIL ACTION, before *Grady, J.,* at November Term, 1926, of PENDER.

This was a caveat to the will of Nora D. Foy. The will was executed on 11 August, 1921. The testatrix died on Friday, and on Monday after her death R. L. Foy, chief beneficiary and executor named in the will, together with a neighbor, went to the room of the deceased, unlocked her trunk and found her will in a tin box in the tray of the trunk. The will was contained in an envelope, marked on the outside, "The Will of Nora D. Foy." The tin box in which the will was found contained insurance papers, some gold pieces, returns from real estate, and records of her business transactions. The wedding rings of the deceased were also in the trunk. The deceased had an iron safe in another room of the house, and also had a lock box at the bank. There was abundant evidence to the effect that the paper-writing, and every part thereof, including the notation on the back of the envelope, and also including certain interlineations, were all in the handwriting of the deceased.

The issues and the answers of the jury thereto were as follows:

1. Is the paper-writing offered for probate, and each and every part thereof, in the genuine handwriting of Nora D. Foy; and was said paper-writing found among her valuable papers and effects after her death? Answer: Yes.

2. Is the paper-writing offered for probate, and each and every part thereof, the last will and testament of Nora D. Foy? Answer: Yes.

From judgment upon the verdict, the caveators appealed.

*Bryan & Campbell for propounders.*
*John D. Bellamy & Sons for caveators.*

BROGDEN, J. The caveators assign as error testimony of a devisee in regard to: (1) handwriting of the testatrix; (2) that he found the script propounded, in a tin box in the tray of a trunk in the room occupied by the deceased; (3) that the deceased carried the keys of the trunk; (4) that the keys to the trunk were given to witness "by some of the women-folks that were in the room the morning" testatrix died; (5) that the tin box in which the paper-writing was found contained insurance policies, gold pieces and returns from real estate; (6) that all the business transactions of deceased were kept in the tray of the trunk in which the will was found.

The trial judge properly admitted the testimony. *Cornelius v. Brawley,* 109 N. C., 542; *In re Jenkins,* 157 N. C., 429; *In re Cole,* 171 N. C., 74; *McEwan v. Brown,* 176 N. C., 249; *In re Saunders,* 177 N. C., 156; *In re Westfeldt,* 188 N. C., 702.

It is urged that the testimony relating to the keys of the trunk and the record of business transactions contained therein must have been based

upon personal transactions with the deceased. We do not think this contention can be maintained. These were independent facts, and, so far as the record discloses, were based upon independent knowledge, not derived from any transaction or communication with the deceased. *Sutton v. Wells,* 175 N. C., 3; *In re Will of Saunders,* 177 N. C., 156.

In item eleven of the will, the testatrix, among other bequests, bequeathed to Melvina or Mellie D. Foy, one of the caveators, "my trunk with its contents, after taking out the articles that I have mentioned for others." In connection with this bequest, the caveators requested the court to charge as follows: "That if the jury shall find from the evidence that the will was found in her trunk, and that under the terms of the will the jury shall find that the trunk and its contents were given to Mrs. Melvina Foy, the jury have the right to consider this as an intent to give the will to her that she might destroy or do with it as she pleased, and that she did not intend it to operate as a will."

The court properly declined to give this instruction. The legal effect of such an instruction would be equivalent to holding that a will could be revoked by gift of the receptable in which the will was found. The acts which constitute a revocation of a will are defined and prescribed by statute. C. S., 4133, *et seq.*

We hold that the case was properly tried, and the judgment as rendered must stand.

No error.