BAILEY *v.* HAYMAN.

W. S. BAILEY ET AL. v. J. D. HAYMAN.

(Filed 26 November, 1941.)

1. **Partition § 5d—**

Upon defendant's plea of sole seizin in this proceeding for partition, the controversy should have been submitted to the jury upon the question of cotenancy upon the pleadings and evidence, and the submission of the issue as to defendant's sole seizin was not necessary, but the charge of the court that the two issues should be considered together and that the burden was upon the plaintiff to satisfy the jury that defendant is not sole seized and that the parties are tenants in common, while resulting in some inexactness of phrase relative to the burden of proof because of the submission of both issues, would seem not to constitute reversible error.

2. **Trial §§ 6, 31—**

C. S., 564, proscribes the court from expressing an opinion upon the weight or credibility of the evidence in any manner either in the course and conduct of the trial or in its instructions to the jury.

3. **Trial § 31—**

The court is proscribed from intimating an opinion upon the weight and credibility of the evidence in the manner of stating the contentions of the parties as well as in other portions of the charge, and in this case the warmth and vigor of the court's statement of the contentions of defendant *is held* to constitute an expression of opinion by the court entitling plaintiffs to a new trial.

CLARKSON, J., concurring.

SEAWELL, J., concurring in result.

APPEAL by plaintiffs from *Stevens, J.,* at May Term, 1941, of DARE. New trial.

Petition for partition here on appeal at the Fall Term, 1940. See *Bailey v. Hayman,* 218 N. C., 175, 10 S. E. (2d), 667. The plaintiffs filed a petition for the sale of certain lands for partition, alleging that they, with defendant Hayman, were "the owners in fee, tenants in common, and in possession" of the lands described, setting out the alleged interests of the several parties. The defendant, answering, denied the allegation of cotenancy and of plaintiffs' ownership, alleging that he "is the owner of in fee simple, and in the sole possession" of the lands described. Defendant further pleaded that plaintiffs were barred of recovery, by reason of certain legal proceedings to which they and the defendant were parties with respect to the lands sought to be partitioned. Upon this joinder of issues, the proceeding was transferred to the civil issue docket.

At the May Term, 1939, of Dare Superior Court, the cause was referred to Hon. W. D. Pruden, who heard the matters in controversy,

and duly made his report, finding adversely to defendant's claim. The defendant filed pertinent exceptions, and the cause was heard before *Stevens, J.,* and a jury, at May Term, 1941, of Dare Superior Court.

Both plaintiffs and defendant introduced fairly voluminous documentary evidence and oral testimony in support of their contentions, consisting of deeds, judgment rolls, a will, and oral testimony and relating to establishment of boundaries, genealogy of families and devolution of title.

Issues were submitted to and answered by the jury as follows:

"1. Is the defendant solely seized and the owner and entitled to the possession of the lands described in the complaint, as alleged in the answer?

"Yes.

"2. Are the plaintiffs and the defendants tenants in common of the lands described in the complaint, as alleged in the complaint?

"No."

From judgment on the verdict plaintiffs appealed.

*Martin Kellogg, Jr., R. B. Bridgers, and Worth & Horner for plaintiffs, appellants.*

*J. H. LeRoy and McMullan & McMullan for defendant, appellee.*

BARNHILL, J. Upon the issues submitted the court instructed the jury as follows:

"These issues go hand in hand and I see no reason to talk about them severally and every reason to talk about them, one in conjunction with the other." "The burden of these two issues is upon the plaintiffs to satisfy you that the defendant is not sole seized of this property, and to satisfy you that they are tenants in common with the defendant in this tract of land contended for in this action along with the plaintiffs."

While the second issue, under the pleadings and evidence, is the one that should be submitted to the jury, and while the submission of two issues may have resulted in some inexactness of phrase relative to the burden of proof, it would seem that the charge, taken in its entirety upon the subject, should not be held for reversible error.

Be that as it may, the charge contains inadvertent expressions of opinion which entitle the plaintiff to a new trial. C. S., 564; *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388; *Carruthers v. R. R.,* 215 N. C., 675, 2 S. E. (2d), 878.

The manner of stating the contentions of the parties, if indicative of the court's opinion, is within the prohibition of the statute. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345. The following expressions appear in the recitation of the defendant's contention: "The defendant contends that . . . it is humanly impossible, as a matter of common knowledge,

that any portion of the lands . . . should have been known in 1925 as the Richardson tract . . . that this conclusion is induced, if not compelled, by the circumstances surrounding the execution of the Markham deed . . . also unequivocally appears from the evidence offered both by the plaintiffs and the defendant . . . the evidence discloses no earthly reason why any portion . . . should have been known . . . as the Richardson tract . . . the evidence whereby it is sought to locate the so-called Richardson tract . . . proceeds wholly, or almost wholly, from interested parties . . . being either plaintiffs or close relatives of the plaintiffs . . . Defendant contends that Adam Etheridge is the arch conspirator in this scheme to wrest from him lands he justly owns . . . that Adam's actions speak louder than Adam's words, and that this suit . . . represents no more nor less than another attempt on his part to wrest from Hattie Dough, or the defendant as her successor in title, lands to which neither he nor his coplaintiffs have any just or even colorable title . . . that it makes no difference whether the Warren A. Dough referred to in these deeds was or was not the husband of Abi Dough, since from the mere fact that he was her husband, it would not follow that her heirs and his heirs were the same—there being no evidence to show in this case that either Abi Dough or Warren A. Dough, her husband, was not married more than once."

These expressions, in their warmth and vigor, though stated in the form of contentions, were calculated to impress the jury with the strength of the defendant's position and the weakness of the plaintiffs'. "There must be no indication of the judge's opinion upon the facts, to the hurt of either party, either directly or indirectly, by words or conduct." *Bank v. McArthur,* 168 N. C., 48, 84 S. E., 39. It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. "Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury." *Withers v. Lane,* 144 N. C., 184, 56 S. E., 855.

For the reasons stated there must be a

New trial.

CLARKSON, J., concurring: I concur in the conclusion on the sole ground that there was error in the charge on the burden of proof, which is a substantial right.

It will be noted that the issue, unobjected to, was: "Is the defendant solely," etc.

In *Alexander v. Gibbon,* 118 N. C., 796 (798), we find: "It is admitted, as claimed by defendant, that when sole seizin is pleaded, in a proceeding among tenants in common for partition, it becomes substantially an action of ejectment. *Huneycutt v. Brooks,* 116 N. C., 788. And it then becomes subject to the rules of law applicable to trials in actions of ejectment—that plaintiffs must recover by the strength of their own title, and not on the weakness of defendant's title."

The following issues were submitted:

"1. Is the defendant solely seized and the owner and entitled to the possession of the lands described in the complaint, as alleged in the answer?

"2. Are the plaintiffs and the defendant tenants in common of the lands described in the complaint, as alleged in the complaint?"

Upon these issues the trial court instructed the jury: "These issues go hand in hand and I see no reason to talk about them severally and every reason to talk about them, one in conjunction with the other. . . . The burden of these two issues is upon the plaintiffs to satisfy you that the defendant is not sole seized of this property, and to satisfy you that they are tenants in common with the defendant in this tract of land contended for in this action along with the plaintiffs."

The instruction placing the burden upon the plaintiffs to disprove defendant's title on the first issue is contrary to accepted doctrine. Ordinarily the burden is upon the party asserting an affirmative plea to establish it by proof. *Hunt v. Eure,* 189 N. C., 482, 489, 127 S. E., 593; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. This is true when the defendant in a partition proceeding pleads sole seizin and sole ownership. The defendant's counsel suggests that his answer may be regarded as merely a plea of *non tenent insimul,* or a simple denial of the cotenancy; and since the burden was upon the plaintiffs to establish their contention in that respect, and that issue was answered against them, the error, if any, in the instruction on the other issue is harmless. However, while an issue as to the title is not necessarily raised in a partition proceeding, it is raised by a plea of sole seizin, and the subsequent incidents of the trial are those of an action in ejectment. *Purvis v. Wilson,* 50 N. C., 22; *Coltrane v. Laughlin,* 157 N. C., 282, 72 S. E., 961; *Alexander v. Gibbon,* 118 N. C., 796, 24 S. E., 748; *Cox v. Lumber Co.,* 124 N. C., 78, 32 S. E., 381. In such case, upon an issue framed upon defendant's claim of title, and evidence thereupon, the burden of the issue is upon him. *McKeel v. Holloman,* 163 N. C., 132, 79 S. E., 445; *Lester v. Howard,* 173 N. C., 83, 91 S. E., 698.

The court below gave the contentions for both plaintiffs and defendant, which were unobjected to by all of the parties—therefore not subject to exception.

In *Albritton v. Albritton,* 210 N. C., 111 (115), it is said: "An objection to a statement of a contention must be made promptly in order to give the court an opportunity to make correction, and if not so made, such objection will be considered as waived. *S. v. Sinodis,* 189 N. C., 565 (571)."

The language used by the court below as to the contentions, both pro and con, is usually gleaned from the arguments made before the jury by the litigants on both sides. The repetition by the judge had no undue influence on the jury and should not be held for error, especially when unobjected to at the time. Any other view makes a judge a figure-head.

I think that the contentions in the charge of the court below, made by the able and learned judge, when read as a whole and not disjointedly, are not grounds for a new trial. To sustain this position the main opinion cites *S. v. Hart* (1923), 186 N. C., 582. That case was decided by a three-to-two decision. I wrote one of the dissenting opinions then, and I am of the same opinion now. I said, at p. 604: "It has been often said by this Court, but I repeat it again: 'Verdicts and judgments are not to be set aside for harmless error, or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right.' *In re Ross,* 182 N. C., 477; *Burris v. Litaker,* 181 N. C., 376; *Wilson v. Lumber Co., ante,* 56."

I concur in the conclusion of the court, but not in the opinion for the reasons given.

SEAWELL, J., concurring in result: I concur in the result reached in this case, but only on the ground stated in the opinion of *Mr. Justice Clarkson.* The objection to the remarks of the judge in stating the contentions of the parties is well within the established policy of the court requiring such matters to be called to the attention of the court at the time. The incident is governed by *Bryant v. Reedy,* 214 N. C., 748, 200 S. E., 896; *Rooks v. Bruce,* 213 N. C., 58, 195 S. E., 26; *Sorrells v. Decker,* 212 N. C., 251, 193 S. E., 14; *Noland Co. v. Jones,* 211 N. C., 462, 190 S. E., 720; *S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601; *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166; *McMahan v. Carolina Spruce Co.,* 180 N. C., 636, 105 S. E., 439; *Sears v. R. R.,* 178 N. C., 285, 100 S. E., 433; *Alexander v. Cedar Works,* 177 N. C., 137, 98 S. E., 312; *Nevins v. Hughes,* 168 N. C., 477, 84 S. E., 769. It cannot, with propriety, be magnified to fit into the exception to the rule created by *S. v. Love,* 187 N. C., 32, 121 S. E., 20, in which *Justice Hoke* justifies the exception only upon the ground that there was a serious misstatement of the evidence in a capital case. It is not a mere rule of fairness to

the trial court, which alone ought to justify it. It is a rule which, properly applied, prevents the frustration of judicial proceedings and promotes justice. Without it, the tendency to explore the statement of the contentions of the parties for possible error will dig up more snakes than we have time to kill.

As to the instruction to the jury on the burden of proof on defendant's issue of sole ownership and sole seizin, the main opinion observes: ". . . while the submission of two issues may have resulted in some inexactness of phrase relative to the burden of proof, it would seem that the charge, taken in its entirety upon the subject, should not be held for reversible error." Should this case come back here on the same issues and similar instruction, I will be interested in knowing the reasons upon which this optimism is based.