F. A. HAMPTON v. W. J. HARDIN.

*Wills, probate of—Devisee competent to prove holograph— Witness—Section* 343.

1. The probate of a will is conclusive until revoked by a direct proceeding in the probate court for that purpose; and a certified copy thereof is competent evidence under Bat. Rev., ch. 119, ₴ 40.

2. A devisee under a holograph will is a competent witness to prove the will. The disqualification of interest is removed by the act of 1866, and section 10, chapter 119 of Battle's Revisal, applies only to wills that have attesting witnesses, and to the attesting witness.

3. The ruling in *Mason* v. *McCormick*, 80 N. C., 244, in reference to incompetency under section 343 of the Code, in case the witness ever had an interest in the event of the action, approved.

4. Where a witness is ruled out as incompetent, it is not necessary to set out what it was expected to prove; but if the objection be to his competency to testify to certain definite matters, what he proposes to testify must appear, that the court may pass upon it.

(*Mason* v. *McCormick*, 80 N. C., 244; *Smith* v. *Brittain*, 3 Ired. Eq., 347; *McCanless* v. *Reynolds*, 74 N. C., 301, cited and approved).

EJECTMENT tried at Fall Term, 1882, of RUTHERFORD Superior Court, before *Graves, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. M. H. Justice* and *W. J. Montgomery*, for plaintiff.
*Mr. R. McBrayer*, for defendant.

SMITH, C. J. The action is to recover a small strip of land in possession of the defendant, and the title thereto is dependent upon the true location of the dividing line between their respective tracts.

In tracing the title from one J. J. Hampton, who formerly owned both tracts, the plaintiff offered in evidence a certified copy of his will, which, as a holographic will, had been admitted to probate in the proper court upon the proofs required by statute (Bat. Rev., ch. 119, § 13), and it appeared upon the certificate of probate that the proper custody of the paper was shown by the examination of the plaintiff.

The admission of the evidence was opposed by the defendant upon the ground that the plaintiff, being a devisee, was an incompetent witness, and the probate was void. The objection was overruled and the evidence held to be admissible.

The defendant again objected, that upon such probate the devise to the plaintiff became inoperative and passed no estate in the land to her. This objection was also overruled.

The defendant, in support of his claim to the land in dispute and to show that it was within his boundary, proposed to prove by one G. W. Webb, declarations made by the said J. J. Hamp-

ton while owning and in possession of the plaintiff's land, as to the location of the disputed line. To this testimony the plaintiff objected, and to sustain his objection (based on section 343 of the Code), it was shown that Hampton conveyed the land claimed by the defendant to one James Webb, who at his death devised the same to his children, the witness G. W. Webb being one of them; that the land thus held in common was, on proceedings instituted by the devisees for partition, sold under a decree of the court and conveyed by its order to one Wiggins, the purchaser, and by the latter afterwards to the defendant. The testimony was rejected.

The exceptions to these several rulings constitute the case for consideration on the appeal.

1. We have had occasion in *London* v. *R. R. Co., ante,* 584, to examine and determine the effect of an unrevoked adjudication establishing a testamentary paper as evidence when offered in another cause, and its conclusiveness until modified or recalled by a direct proceeding in the court which adjudged the probate, and it would be superfluous to discuss the subject again. In that case, the controversy was in regard to the validity of an act of an executor, declared to be such, and to whom and his associate letters testamentary had been duly issued. But the probate of wills and testaments are by statute put upon the same footing, and it is enacted that no will shall be effectual to pass any estate until it shall have been duly proved and allowed in the probate court, and that "the probate of a will devising real estate shall be *conclusive as to the execution thereof* against the heirs and devisees of the testator, whenever the probate thereof under the like circumstances would be conclusive against the next of kin and legatees of the testator" (Bat. Rev., ch. 119, § 39), and copies of wills, thus proved and duly certified, are made competent in any proceeding wherein the contents of the will would be competent evidence, *Ibid,* § 40. The court, therefore, ruled properly in regard to the admission of the copy of the will.

2. The objection again made to the reading of the will, but which we understand to be directed to the legal efficacy of the clause devising the land to the plaintiff, rests upon that provision of the statute which declares void any beneficial devise, estate, interest, legacy, or appointment of or affecting any real or personal estate given or made to an attesting witness, or the husband or wife of such, while the witness is still competent to prove the execution of the will, or its validity or invalidity.  *Ibid,* § 10.

This enactment, a literal copy of the act, I VICTORIA, ch. 26, § 15, in its operative words, applies only to wills that have attesting witnesses.  It does not include other witnesses whose testimony may be used in proving the writing as a testamentary paper, or its execution by the testator.  Subscribing witnesses bear a relation to the instrument they attest, which none others have.  They are the witnesses of the law; they must be called to sustain the instrument ; others to testify to the same fact, though within their personal knowledge, will not answer.  They are called on to see the due execution of the instrument; to observe the capacity and volition of the testator; and proof of their handwriting in some cases is proof of all these essential conditions to the validity of the testamentary act.  It was to remove all improper influences and secure impartiality, in such as are called to attest the execution of the will, that all gifts to them or to their husbands or wives are annulled, and all temptations to swerve from the truth are taken away.

But the disqualification of interest is removed by the act of 1866, and the devisee is rendered competent to testify as any other person, the interest in the result affecting only the credit to be given to the testimony.

3. The remaining exception is to the exclusion of the declarations of J. J. Hampton, to prove which the said G. W. Webb was offered as a witness.

The effect of the proposed evidence, if favorable to the defendant, must have been to contract the boundary of the plaintiff's

land and correspondingly enlarge the boundary of the defendant's land by locating the line that divides them. The declarations may not be objectionable, as they are in disparagement of the claims of the owner then making them, if proved by a competent witness who heard them spoken. But the witness by whom they were to be proved was himself at one time a tenant in common with others of the tract whose limits are to be extended, or, while disputed, to be fixed by the proposed evidence. If he had retained his title, he would have an immediate and direct interest in the result of the action, and the disqualification attaches and remains when the estate or interest of the witness has passed out of him by assignment. The witness, therefore, seems to be within the inhibitory clause of section 343 of the Code. *Mason* v. *McCormick*, 80 N. C., 244.

Nor does it make any difference that the transfer of the estate of the witness was effected by means of a sale for partition under a decree of the court, for this is but a mode of conveyance by the tenants themselves, and stands upon no more favorable basis than a sale by the sheriff under execution. *Smith* v. *Brittain*, 3 Ired. Eq., 347; *McCanless* v. *Reynolds*, 74 N. C., 301.

It is not disclosed in the case what was the excluded declaration, and whether it tended to push the dividing line further within the boundaries claimed by the plaintiff, and thus embrace the disputed territory within the defendant's deed, so that the exclusion of the evidence, if admissible, can be seen to be prejudical to the defendant.

When a witness is ruled out as incompetent to testify at all, it is not necessary to set out what it was expected to prove; for the error in such case lies in the rejection of a competent witness. But if the objection be to his competency to testify to certain definite matters, it ought to appear what the witness proposed to testify, in order that the court may determine whether they are such as the law forbids him to speak of or are not. The only statement in the case is that the declarations were as

to the location of the line in dispute. Assuming, however, that the character of the refused declarations sufficiently appears, it also appears that the witness, as a former owner and assignor, is disabled from speaking of them.

It must be declared that there is no error, and the judgment is affirmed.

No error.                                                    Affirmed.