The paper-writing, bearing date 5 July, 1888, together with a paper appended as a codicil, bearing date 5 March, 1889, purporting to be the last will and testament of W. J. Brawley, deceased, is without subscribing witnesses. It was propounded as the will of said decedent by the persons named as executors therein, and was admitted to probate ex *Page 395 parte, by the clerk of the Superior Court of Iredell County, on 10 May, 1889, upon the oath of one J. M. Shook that the said will and codicil thereto were found among the valuable papers and effects of the said W. J. Brawley after his death, and upon the oath of J. B. Cornelius, J. W. A. Kerr and M. D. Hobbs, that the name of (543) W. J. Brawley subscribed thereto, and the said will itself and the codicil thereto, and every part thereof, is in the handwriting of said W. J. Brawley. On 6 November, 1889, a caveat thereto was filed by V. Y. Brawley, a son of the deceased, whereupon an issue as to the validity of the instrument, was drawn up and sent to the Superior Court for trial before a jury, in the following form: "Is the paper-writing propounded by J. B. Cornelius and T. O. Brawley, and every part thereof, together with the codicil attached thereto, the last will and testament of W. J. Brawley, deceased?" without exception thereto.
When the cause came on for trial the caveator tendered the following as the proper issues raised by the allegations made by the propounders and the caveator as shown by the record:
1. Was the paper-writing bearing date 5 June, 1888, and purporting to be the last will and testament of W. J. Brawley, deceased, together with the paper appended as a codicil thereto, bearing date 5 March, 1889, found among the valuable papers and effects of said decedent, at or after his death?
2. Is said paper-writing, together with the paper appended as a codicil, and every part thereof, in the handwriting of W. J. Brawley?
3. Did the alleged testator intend said paper-writing, together with the paper appended as a codicil, and every part thereof, to be his last will and testament?
The court declined to change the issue, and directed the trial to proceed on the issue made up by the clerk. Caveator excepted.
The propounders offered Mrs. N.M. Brawley as a witness, to show where the script was found. The caveator objected to the competency of the witness, on the ground that she is the widow of decedent named as a legatee and devisee in the proposed paper-writing, and not having dissented from its provisions, is excluded from showing (544) any fact that would constitute publication of the script. Caveator further objected that witness could not be allowed to testify under section 2147 of The Code. Objections overruled, and the caveator excepted, and the witness testified:
"I have seen this paper before. The next day after Mr. Brawley was buried I found this paper in the little drawer of the bookcase, where he kept his deeds, and where his deeds were when I found the paper. I handed it to Mr. Shook to read." *Page 396 
 Cross-examined. — "I did not examine any other papers that were in the drawer where I found this paper at the time I found it. I knew where Mr. Brawley kept his deeds. His deeds were tied up in a bundle. I cannot tell what deeds they were. I did not examine the other papers, but saw they were his deeds. I do not remember that I took hold of any other papers in the drawer than this one. I did not read them. I made no other examination; saw the deeds were there when I took the will out."
J. M. Shook, a witness for the propounders, testified: "I live a quarter of a mile from where W. J. Brawley lived. I was at his house the next morning after his burial. I have seen this paper before; saw it first on the morning after his burial. It was in an envelope handed to me by Mrs. Brawley. I broke the seal and read it. It is in the same condition now as when I first saw it."
Cross-examined. — "I believe T. O. Brawley handed me the envelope containing the will. I was on the porch and Mrs. Brawley and T. O. Brawley went in the house. I saw them go to the desk, or bureau, but did not see the drawer opened. I saw them through the window. I do not know of my own knowledge where the will was found, but T. O. Brawley brought it out of the house and handed it to me."
This witness also testified that he knew the handwriting of (545) W. J. Brawley, and that both papers, that dated 5 June, 1888, and that dated 5 March, 1886, together with the signatures of both, were in the handwriting of said W. J. Brawley.
Three other witnesses, J.H. Thompson, J. B. Cornelius and M. D. Hobbs, testified to the same effect as to the handwriting of the script, including both papers and the signatures thereto, and every part thereof. Propounders then read the script as set out in the record, and rested.
Caveator introduced no testimony, and requested the court to instruct the jury as follows:
2. "Even if the jury should be satisfied from the testimony that the script and every part thereof is in the handwriting of the deceased, that would not be sufficient to satisfy them that it was intended by the deceased as his last will and testament; the burden is on the propounders to further show that the paper was found among the valuable papers and effects of the deceased, at or after his death, by affirmative and direct proof; and such fact cannot be found by the jury, unless the testimony as to where it was found proves the fact affirmatively and distinctly.
3. "If the jury believe that the witness, Mrs. N.M. Brawley, did not examine the papers in the drawer, where she testifies she found the paper-writing after the death of deceased, in order that she might know what papers were in the drawer, and of what value they were at *Page 397 
the time, she is not a competent witness to prove the fact that the papers in the drawer at the time were valuable. Her opinion as to their value, when she is not able to inform the jury what the papers were, is not conclusive of that fact, and does not comply with the requirement of the law as to the degree of proof; that the fact of their value should be shown affirmatively and distinctly."
These requests were refused, except as embodied in the charge of the court, which was as follows: (546)
In order to make proper proof of such a will, these facts must be proven, and proven in the way pointed out by the law: first, that the paper-writing is in the handwriting of the alleged testator; and, second, by direct and affirmative proof that it was found after his death among the valuable papers. The first must be proven by at least three witnesses, and the other proven so as to satisfy the jury by a preponderance of the testimony. Bearing these guides and directions in mind, you must now consider the issue presented to you. The first fact to be ascertained is whether the paper-writing is in the proper handwriting of W. J. Brawley, and whether that fact has been proven by three or more witnesses, as required by law. If the propounders have failed in this, you need not go any further, but if by three witnesses or more the propounders have proven the paper-writing to be in the proper handwriting of W. J. Brawley, then you must inquire whether it was found among his valuable papers.
If the papers were found in a small drawer in the desk or bookcase in the room which W. J. Brawley had occupied at the time of his death, and with his deeds and other papers, then in law it was found in such place as the law recognizes as among his valuable papers. As to whether the paper was found among the valuable papers of W. J. Brawley, you must consider the testimony of Mrs. Brawley, and also the testimony of the witness Shook as to what he saw. You will remember Mrs. Brawley said the papers were found in a sealed envelope in a little drawer in the desk or bookcase in the room occupied by Brawley at the time of his death, with his deeds and other papers. The burden of proving the facts required to be shown under the statute rests on the propounders, and the facts must be proven affirmatively and directly that the paper-writing is in the handwriting of W. J. Brawley, and that it was found among his valuable papers. You must be satisfied that the paper-writing is in the handwriting of Brawley, (547) and you must also be satisfied that the paper-writing was found among the valuable papers of W. J. Brawley before you can find for the propounders. If you are satisfied that the paper-writing is all and every part of it in the handwriting of W. J. Brawley, and that it was found inclosed in a sealed envelope in a small drawer in the desk or *Page 398 
bookcase in the room occupied by W. J. Brawley, and in the same drawer in which he kept his deeds, and in which there was a bundle of deeds tied up when the paper was taken out of the drawer, then you ought to answer the issue "Yes." But unless you are satisfied that the paper is in the handwriting of W. J. Brawley in all its parts, and that it was found among his valuable papers, your answer should be "No."
The jury answered the issue "Yes."
Motion for a new trial, by caveator, assigning error as follows:
First. That the court erred in refusing to submit the issues tendered by caveator.
Second. That the court erred in not holding that the witness, Mrs. N.M. Brawley, not having dissented from the provisions of the paperwriting, was entirely incompetent to prove the fact of the finding thereof by reason of her interest as legatee and devisee, and in holding that she should be admitted to prove such fact under section 2147 of The Code.
Third. That the court erred in refusing to instruct the jury as asked for by caveator in his second prayer for instructions.
Fourth. That the court erred in refusing to instruct the jury as asked for by the caveator in his third prayer for instructions.
Fifth. That the court erred in charging the jury that the fact (548) of finding the paper-writing among the valuable papers of decedent after his death must be proven so as to satisfy the jury by a preponderance of the testimony.
Motion denied. Judgment for the propounders, from which caveator appealed.
The issue submitted arose on the pleadings, and was such as afforded either party opportunity to present any view of the law arising upon the evidence through the medium of pertinent instructions, and was therefore sufficient (Humphrey v. Church, ante, 132; McAdoo v. R. R., 105 N.C. 140;Denmark v. R. R., 107 N.C. 187; Leach v. Linde, 108 N.C. 547), and indeed, follows the precedents in such cases, Eaton's Forms, 282.
The issues suggested by appellants presented rather evidential than constitutive facts, and were properly rejected. Grant v. Bell, 87 N.C. 34;Patton v. R. R., 96 N.C. 455.
The widow, who was named as a legatee and devisee in the will, was properly held competent to prove that it was found, after the testator's death, among his valuable papers. Code, sec. 589, removes disqualification on account of interest. The witness is not disqualified under *Page 399 
section 590, for she does not testify as to any personal transaction or communication with the deceased, nor is she affected by section 1350, which applies only to attesting witnesses to the execution of the will. Hamptonv. Hardin, 88 N.C. 596. Indeed, as to them, section 2147 expressly provides that the attesting witness, who is also a beneficiary under the will, shall be admitted as a witness to prove its execution or validity. The disqualification imposed is not upon him as a witness, but to receive benefit under the will attested and proven by him. So that if the witness here had even been an attesting witness to the will, the court would have been compelled to admit her as a witness. (549)Vester v. Collins, 101 N.C. 114.
The charge as given was a substantial compliance with the prayers for instruction, so far as they were proper to be granted. The appellant cannot, therefore, justly complain. McDonald v. Carson, 94 N.C. 497.
Nor is there any merit in the exception that the court told the jury that the finding of the paper-writing among the valuable papers of decedent, after his death, must be proven so as to satisfy the jury by the preponderance of the evidence. It is true the appellants had introduced no evidence to contradict the evidence offered to show such finding, but they had assailed such evidence on the ground of the interest of the witness, and the alleged uncertainty of her testimony. This paragraph of the charge was a mere laying down of the general legal principle which the court afterwards applied to the case in hand by telling the jury that the burden was on the propounders to prove "affirmatively and directly" that the paper-writing was in the handwriting of the deceased in all its parts, and that it was found after his death among his valuable papers, and that if the jury were not satisfied as to those matters they should answer the issue in the negative. It would not be just to detach a sentence or paragraph of a charge thus from its context. The charge is clear, intelligent and, we think, correct. The instruction that the proof of the facts above referred to must be "affirmative and direct," is a sufficient compliance with the prayer that it should be "affirmative and distinct," which counsel insists on because it was used in St. John's Lodge v.Callender, 26 N.C. 335. In the opinion in that case both expressions are used by Ruffin, C. J., and they are treated by him as synonymous.
No error.
Cited: Collins v. Collins, 125 N.C. 103; McEwan v. Brown, 176 N.C. 252. *Page 400 
(550)