G. B. WESTMORELAND v. SOUTHERN RAILWAY COMPANY,
A CORPORATION.

(Filed 12 October, 1960.)

**Appeal and Error § 41—**

> The exclusion of evidence cannot be held prejudicial when the record fails to show what the witness would have testified had he been permitted to answer.

APPEAL by plaintiff from *Craven, S. J.,* May 1960 Special Term, McDOWELL Superior Court.

Civil action to recover damages by fire alleged to have been ignited on and spread from defendant's railway right of way to the plaintiff's property, causing its damage and destruction. The plaintiff alleged defendant's actionable negligence in the following particulars: (1) By permitting inflammable material to accumulate on its right of way; (2) by operating trains which permitted flakes of red hot metal to escape from the wheels and brakes of its trains and sparks to escape from its locomotives when it knew or should have known the danger of fire as a result of permitting these conditions to exist. The plaintiff further alleged that sparks from the locomotive and hot metal and sparks from the wheels and brakes set fire to the inflammable material on its right of way; that the fire spread to and damaged plaintiff's property in the sum of $22,000.

The defendant, by answer, denied all allegations of negligence. Both parties introduced evidence. The court submitted issues as to

defendant's negligence and plaintiff's damage. The jury answered the first issue, "No." The court entered judgment dismissing the action. The plaintiff appealed.

*Wm. D. Lonon, Paul J. Story for plaintiff, appellant.*
*W. T. Joyner, Proctor & Dameron for defendant, appellee.*

PER CURIAM. The court sustained the objections to two questions whether a fire will start along a railroad track (1) by reason of defective brakes and (2) by reason of friction between the wheels and the track. The plaintiff assigns the above as error No. 1. Failure to show what the witness would have answered renders the ruling nonprejudicial. Other objections need not be discussed.

The other seven assignments of error relate to the charge. Careful examination fails to show error in any of the particulars assigned.

The critical issue was one of fact which the jury answered against the plaintiff upon whom the law placed the burden of proof.

No error.