SAMUEL O. CURRENCE v. FAYE ALICE HARDIN

No. 20

(Filed 28 November 1978)

1. Appeal and Error § 49.1— excluded evidence—significance must be shown for review

Whether an objection be to the admissibility of testimony or to the competency of a witness to give that, or any, testimony, the significance of the excluded evidence must be made to appear in the record if the matter is to be heard on review; unless the significance of the evidence is obvious from the record, counsel offering the evidence must make a specific offer of what he expects to prove by the answer of the witness.

2. **Appeal and Error § 49.1— physician's diagnosis excluded—necessity for record to show what testimony would have been**

    An offer of proof under G.S. 1A-1, Rule 43(c) must be specific and must indicate what testimony the excluded witness would have given; therefore, a simple indication or assertion that testimony will concern a physician's diagnosis of the party's condition, though it indicates the general subject of the testimony, is not sufficiently specific for purposes of review.

    Justice BRITT took no part in the consideration or decision of this case.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, reported in 36 N.C. App. 130, 243 S.E. 2d 172, which found no error in the trial before *Sentelle, J.,* at the 28 February 1977 Civil Session of MECKLENBURG District Court.

Plaintiff instituted this action to recover damages for personal injury and property damage incurred in an automobile collision on 29 December 1975 in Charlotte, North Carolina. At trial plaintiff presented evidence which tended to show that he was driving down Bellhaven Boulevard and that his automobile was struck on the right side by defendant's automobile as defendant entered Bellhaven from Nelson Avenue. Plaintiff testified that his automobile was damaged and that he received injury to his mouth, face, shoulder, elbow and neck. On the day of the accident plaintiff visited the office of Dr. J. Timothy Logan, a chiropractor, for treatment. Plaintiff visited Dr. Logan on some twenty occasions prior to trial. After the collision, plaintiff experienced soreness in various parts of his body for approximately two months.

Dr. J. Timothy Logan testified that he was licensed to practice chiropractics in North Carolina. Defense counsel stipulated that Dr. Logan was duly licensed and that he was an expert in the field of chiropractics. Dr. Logan then testified that he first saw plaintiff on or about 29 December 1975. Plaintiff told him of the collision with defendant which caused plaintiff's right shoulder to be thrown forward into the steering wheel of his car. At that time plaintiff complained of pain in his cervical spine (neck region), with pain radiating into his right shoulder. Dr. Logan conducted a physical examination of plaintiff and took several x-rays. Based on the x-rays, Dr. Logan determined and testified that plaintiff had a loss of the normal anterior curve of

the neck, a limit to the range of motion in the neck, and a dislocation of the right shoulder joint. Dr. Logan gave further testimony regarding his findings and the nature of plaintiff's condition. On objection by defendant, the trial court refused to permit Dr. Logan to testify regarding his chiropractic diagnosis of plaintiff.

Plaintiff then rested and defendant testified and gave her account of the collision. The jury found the defendant guilty of negligence and awarded plaintiff $300 for property damages, but found that plaintiff was not entitled to recover damages for personal injuries.

Plaintiff appealed and the Court of Appeals, with one member of the panel dissenting, found no error in the trial.

*Paul J. Williams for plaintiff appellant.*

*Caudle, Underwood & Kinsey by C. Ralph Kinsey, Jr. for defendant appellee.*

MOORE, Justice.

The sole question for review is whether the trial court erred in not permitting plaintiff's witness, Dr. J. Timothy Logan, to testify concerning his chiropractic diagnosis of plaintiff's condition. In the absence of the jury, the trial judge implied that the basis of his ruling was that a chiropractor was incompetent to testify concerning his diagnosis of a condition in the absence of other competent medical evidence. Plaintiff contends that a chiropractor, as an expert witness, is fully qualified to give his expert opinion and diagnosis in the absence of other medical evidence.

G.S. 90-157.2, enacted in 1977, says: "A Doctor of Chiropractic, for all legal purposes, shall be considered an expert in his field and, when properly qualified, may testify in a court of law as to etiology, diagnosis, prognosis, and disability, including anatomical, neurological, physiological, and pathological considerations within the scope of chiropractic."

This statute was not in effect at time of trial, but plaintiff contends that it is, in part, but a clarification of law existing prior to its enactment, and that a chiropractor is, and was, competent to testify as an expert concerning matters within the scope

of the profession and practice of chiropractic (citing 31 Am. Jur. 2d, Expert and Opinion Evidence § 107).

Our Court of Appeals, in *Allen v. Hinson,* 12 N.C. App. 515, 183 S.E. 2d 852 (1971), and *Teachey v. Woolard,* 16 N.C. App. 249, 191 S.E. 2d 903 (1972), dealt with the law concerning the competency and scope of chiropractic testimony prior to the enactment of G.S. 90-157.2. This Court has not had an occasion to pass on the law as it existed prior to the enactment of G.S. 90-157.2, nor do we now find it necessary to do so for purposes of deciding the case before us.

The Court of Appeals in this case held that it could not determine whether the proposed testimony of Dr. Logan would come within the case law in effect at the time of trial because plaintiff had failed to include in the record what Dr. Logan's testimony would have been had he been allowed to testify. *See Heating Co. v. Construction Co.,* 268 N.C. 23, 149 S.E. 2d 625 (1966). Plaintiff, citing *Hampton v. Hardin,* 88 N.C. 592 (1883), argues that the rule requiring offer of proof (*see* Rule 43(c) of the Rules of Civil Procedure) does not apply in cases such as this where the trial court's ruling concerns the competency of the witness, but applies only to rulings concerning the admissibility of a witness's answer. In *Hampton v. Hardin, supra,* the Court said:

> "When a witness is ruled out as incompetent to testify *at all,* it is not necessary to set out what it was expected to prove; for the error in such case lies in the rejection of a competent witness. But if the objection be to his competency to testify to *certain definite matters,* it ought to appear what the witness proposed to testify, in order that the court may determine whether they are such as the law forbids him to speak of or are not. . . ." (Emphasis added.) 88 N.C. at 596.

Plaintiff has apparently misinterpreted the Court's holding in *Hampton.* That case clearly limits the exception to present Rule 43(c) to those instances where a witness is not permitted to testify concerning any matter relevant to the case. In present case Dr. Logan was duly qualified as an expert in the field of chiropractics. He was permitted to testify at length concerning the nature of plaintiff's injuries. The admission of this testimony indicates that the witness was not "ruled out as incompetent to testify at all." *Hampton, supra.* The sustaining of the defendant's

objection to a question asking for Dr. Logan's diagnosis of plaintiff, together with the judge's ruling, indicates that the witness was ruled incompetent to testify regarding a specific matter. The *Hampton* exception would therefore be inapplicable to the facts of this case.

*Hampton v. Hardin, supra,* was decided long before the enactment of Rule 43(c) of the Rules of Civil Procedure. The *Hampton* rule, creating what would be an exception to present Rule 43(c), was declared in dictum, and the case has not since been cited as support for the exception created. Professor Brandis terms the *Hampton* exception to the basic rule "highly questionable," and suggests that when a witness is ruled incompetent to testify at all the substance of his testimony should be made to appear for purposes of review. *See* 1 Stansbury, N.C. Evidence § 26, p. 64 (Brandis rev. 1973). This would appear to be the practice in the federal courts and in the majority of states. *See* 10 Moore, Federal Practice § 103.21; 4 Am. Jur. 2d, Appeal and Error § 522, and cases cited therein; *Herencia v. Guzman,* 219 U.S. 44, 55 L.Ed. 81, 31 S.Ct. 135.

It would appear, moreover, that this Court has decided not to recognize the exception set forth in *Hampton.* In *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562 (1968), plaintiff's counsel stated, at the conclusion of defendant's evidence, that he would like to offer additional evidence on paternity. The trial court refused and plaintiff assigned his refusal as error. Justice Sharp (now Chief Justice), speaking for the Court, said: ". . . The record does not disclose the identity of the proposed witnesses or what their testimony would have been. It cannot be determined, therefore, whether either *the witness* or his testimony would have been *competent.* 'Failure to show what the witness would have answered renders the ruling nonprejudicial.' *Westmoreland v. R.R.,* 253 N.C. 197, 198, 116 S.E. 2d 350, 351. . . ." (Emphasis added.)

[1] Accordingly, we would hold that, whether an objection be to the admissibility of testimony or to the competency of a witness to give that, or any, testimony, the significance of the excluded evidence must be made to appear in the record if the matter is to be heard on review. Unless the significance of the evidence is obvious from the record, counsel offering the evidence must make a

specific offer of what he expects to prove by the answer of the witness. *See United States v. Smith*, 464 F. 2d 222 (8th Cir. 1972), *cert. denied*, 409 U.S. 986; *Armour & Co. v. Nard*, 463 F. 2d 8 (8th Cir. 1972).

**[2]**  Plaintiff further argues that Rule 43(c) does not require that a witness's answer be included in the record when the substance of the witness's proposed testimony is apparent from the record. Plaintiff says that it is clear that the substance of Dr. Logan's testimony would have been his diagnosis of plaintiff. Hence, the substance of his testimony was obvious and he was not required to include the witness's answer for review. An offer of proof under Rule 43(c) must be specific and must indicate what testimony the excluded witness would give. *See Armour & Co. v. Nard, supra; Andrews v. Olin Mathieson Chem. Corp.*, 334 F. 2d 422 (8th Cir. 1964); *see also* 89 A.L.R. 2d 279, on form and sufficiency of offer of proof. A simple indication or assertion that testimony will concern a physician's diagnosis of the party's condition, though it indicates the general subject of the testimony, is not sufficiently specific for purposes of review. A showing of the essential content or substance of the witness's testimony is required before this Court can determine whether the error in excluding the evidence is prejudicial. *Cf. Andrews v. Olin Mathieson Chem. Corp., supra.* In present case, due to plaintiff's failure to make a specific offer of proof, we do not know what Dr. Logan's diagnosis would have been nor whether it would have been sufficiently favorable to plaintiff's case to have affected the jury verdict. Plaintiff has not shown that any alleged error was prejudicial to his case.

For the reasons stated, the decision of the Court of Appeals finding no error in the trial before Judge Sentelle is affirmed.

Affirmed.

Justice BRITT took no part in the consideration or decision of this case.