STATE OF NORTH CAROLINA v. JOE W. JACKSON

No. 8419SC47

(Filed 16 October 1984)

**Criminal Law § 138— incest—aggravating factor—victim very young**

  In a prosecution for incest where the evidence showed that defendant pled guilty to one count of incest with his fifteen-year-old daughter, but that defendant's incestuous relationship with his daughter began when she was twelve years old, the evidence supported the trial court's finding in aggravation that the victim was very young. The Court recognized that (1) defendant took advantage of his daughter's relative helplessness to resist his sexual activities with her; (2) that a twelve to fifteen-year-old girl is vulnerable to sexual advances or solicitations from her father; and (3) the crime of incest between a father and a daughter of twelve to fifteen years of age will harm a girl of such age more than it would an adult woman. G.S. 15A-1340.4(a)(1)(j).

APPEAL by defendant from *Lamm, Charles C., Judge.* Judgment entered 22 August 1983 in RANDOLPH County Superior Court. Heard in the Court of Appeals 25 September 1984.

Defendant pled guilty to incest and was given a sentence of 6 years, from which he has appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Rion Brady for defendant.*

WELLS, Judge.

Incest is a class G felony and carries a presumptive sentence of four and one-half years. N.C. Gen. Stat. § 14-178 (1981). In sentencing defendant, the trial court found one factor in mitigation, that defendant had no record of criminal conviction; found one factor in aggravation, that the victim was very young; found that the factor in aggravation outweighed the factor in mitigation; and sentenced defendant to a term of 6 years.

In his sole assignment of error, defendant contends that the trial court erred in finding as a factor in aggravation that the victim was very young. The evidence showed that defendant pled guilty to one count of incest with his 15-year-old daughter, but that defendant's incestuous relationship with his daughter began when she was 12 years old. In *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983), our supreme court held that the factor in aggravation provided for in N.C. Gen. Stat. § 15A-1340.4(a)(1)(j) (1983), *i.e.,* that "[t]he victim was very young, or very old, or mentally or physically infirm" recognizes that vulnerability to harm is the concern addressed in this factor. In *State v. Mitchell,* 62 N.C. App. 21, 302 S.E. 2d 265 (1983), this court took the position that the underlying policy of this factor in aggravation is to discourage wrongdoers from taking advantage of a victim because of the victim's young age, or old age, or infirmity. *Compare State v. Monk,* 63 N.C. App. 512, 305 S.E. 2d 755 (1983), where this court held that the age of the victim may not be used as an aggravating factor unless it appears that the defendant took advantage of the victim's relative helplessness to commit the crime or that the harm was worse because of the age of the victim.

We hold that the evidence in this case supports the trial court's finding of this factor in aggravation. In so holding, we recognize that (1) defendant took advantage of his daughter's relative helplessness to resist his sexual activities with her; (2) that a 12 to 15 year-old-girl is vulnerable to sexual advances or solicitations from her father; and (3) the crime of incest between a father and a daughter of 12 to 15 years of age will harm a girl of such age more than it would harm an adult woman.

Accordingly, we affirm defendant's sentence.

Affirmed.

Judges ARNOLD and HILL concur.