Carter v. Carr

---

---

MARGARET H. CARTER v. RAYMOND E. CARR

No. 256PA84

(Filed 8 January 1985)

**Appeal and Error § 49.1— failure of record to show excluded evidence**
> The exclusion of testimony will not be considered prejudicial error where appellant failed to show what the excluded testimony would have been or to make a specific offer of what she intended to prove by the testimony.

> Justice VAUGHN did not participate in the consideration or decision of this case.

ON discretionary review pursuant to N.C.G.S. § 7A-31(a) of the decision of the Court of Appeals reported at 68 N.C. App. 23, 314 S.E. 2d 281 (1984).

*McCain & Essen, by Grover C. McCain, Jr., and Jeff Erick Essen, for plaintiff-appellant.*

*Henson, Henson & Bayliss, by Perry C. Henson and Jack B. Bayliss, Jr., for defendant-appellee.*

PER CURIAM.

Plaintiff brought this medical malpractice action against defendant, Dr. Raymond E. Carr. At trial the jury answered the issues submitted in favor of defendant and plaintiff appealed from judgment entered. The Court of Appeals, in an opinion by Judge Braswell, with Judges Arnold and Wells concurring, found no error in the trial.

We allowed plaintiff's petition for discretionary review on 28 August 1984, but limited our consideration of the appeal to the question of whether the trial court erred by disallowing the testimony of plaintiff's husband concerning statements allegedly made to him by Dr. Canipe, defendant's partner who assisted in the operation upon which this action was based.

The portion of the record upon which this assignment of error was based is as follows:

Q. What did Dr. Canipe do?

A. Well, it appeared to him that her foot was coming and going, that he felt like it would take more time, and just giving it more time maybe and it would come back and everything would be all right.

I said, "Well now, we had two surgeries, and the first one—"

MR. HENSON: We object to what he said to Dr. Canipe who is not a party to this lawsuit. Hearsay.

MR. PISHKO: Your Honor, there has been testimony that Dr. Canipe is Dr. Carr's partner. There is also evidence in the record that they were partners.

MR. HENSON: Still hearsay, Your Honor.

MR. PISHKO: It would be to admission.

THE COURT: I will sustain at this point.

EXCEPTION NO. 1

The pertinent law regarding this assignment of error is succinctly stated in *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980).

> "A showing of the essential content or substance of the witness's testimony is required before this Court can determine whether the error in excluding evidence is prejudicial." *Currence v. Hardin*, 296 N.C. 95, 249 S.E. 2d 387 (1978). Otherwise stated, "[w]hen evidence is excluded, the record must sufficiently show what the purport of the evidence would have been, or the propriety of the exclusion will not be reviewed on appeal." 1 Stansbury, *supra*, § 26 at 62.

*Id.* at 628, 268 S.E. 2d at 515-16. *See also, Currence v. Hardin*, 296 N.C. 95, 249 S.E. 2d 387 (1978); *Grimes v. Home Credit Co.*, 271 N.C. 608, 157 S.E. 2d 213 (1967); *Gower v. Raleigh*, 270 N.C. 149, 153 S.E. 2d 857 (1967); N.C.R. Civ. P. Rule 43(c).

Here plaintiff has not shown what the excluded testimony would have been, nor did plaintiff make a specific offer of what she intended to prove by the answer of Dr. Canipe. We therefore affirm the opinion of the Court of Appeals without expressing any opinion as to its analysis on the question of the alleged hearsay testimony.

Affirmed.

Justice VAUGHN did not participate in the consideration or decision of this case.