STATE OF NORTH CAROLINA v. THOMAS WALL

No. 8719SC220

(Filed 17 November 1987)

1. Criminal Law § 158.1— diary omitted from record—court unable to determine admissibility

In a prosecution for incest, the record failed to show the contents of a volume alleged to be the victim's diary, and it was therefore impossible for the court on appeal to determine if the document was relevant or material and therefore admissible.

2. Criminal Law § 85.1— character witnesses—cross-examination as to rumors about defendant

In an incest prosecution, the prosecutor did not improperly cross-examine two of defendant's character witnesses as to whether they had heard rumors that defendant had had an affair with an 18-year-old girl and that defendant's wife had made a statement that she had "expected something was going on" between defendant and their daughter, since the witnesses had testified that they knew defendant's reputation, and counsel had a right to test the basis for their claimed knowledge.

3. Incest § 1— instructions proper summary of evidence

In an incest prosecution, the trial court's instruction concerning reputation testimony was an accurate summary of the evidence.

4. **Criminal Law § 138.24— tender age of victim—finding of aggravating circumstance proper**

   The trial court in an incest prosecution did not err in finding as a factor in aggravation that the victim was and is of tender years where the evidence indicated that defendant began his abuse when his daughter was 13 years old. N.C.G.S. § 15A-1340.4(a)(1)j.

APPEAL by defendant from *Walker, Judge.* Judgment entered 23 July 1986 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 23 September 1987.

*Attorney General Thornburg, by Associate Attorney General Rodney S. Maddox, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Gayle L. Moses, for defendant appellant.*

PHILLIPS, Judge.

Upon sharply conflicting evidence defendant was convicted of incest with his sixteen-year-old daughter. In substance, the daughter testified that defendant had intercourse with her on 2 September 1985, the time alleged in the indictment, and that the abuse began three years earlier, while defendant denied all wrongdoing. In appealing he makes four contentions concerning the trial and one as to sentencing. None of the contentions has merit and we overrule all of them.

[1-3] As to the trial defendant first contends that the court erred in refusing to receive into evidence a small volume alleged to be the daughter's "diary"; but we have no basis for determining that the document contained relevant evidence beneficial to defendant because the record does not show what it contains. *Carter v. Carr,* 312 N.C. 613, 324 S.E. 2d 222 (1985). The record does indicate, though, that defendant was not mentioned in the document, which is proof, so he argues, that the forbidden acts did not occur; but the validity of this argument, along with the relevancy and materiality of the proffered evidence, depends upon the contents of the document, about which the record is silent. Defendant's next two contentions are that the prosecutor's cross-examination of two of his character witnesses was improper in that he was permitted to question them about a purported rumor that he had an affair with a certain eighteen-year-old girl and about defendant's wife purportedly stating that she had "ex-

pected something was going on" between defendant and their daughter. Though the inquiries concerned hearsay statements they were not banned by the general rule against hearsay. G.S. 8C-1, Rule 803(21), N.C. Rules of Evidence. Each witness had testified on direct examination that he knew defendant's general reputation and on cross-examination each denied having heard about the wife's purported statement, but one admitted hearing about the rumored affair with the eighteen-year-old girl. On cross-examination counsel has wide latitude. *Maddox v. Brown*, 233 N.C. 519, 64 S.E. 2d 864 (1951). The witnesses having testified that they knew defendant's reputation, which is what people in the community say about a person, counsel had a right to test the basis for their claimed knowledge. *State v. Nelson*, 200 N.C. 69, 156 S.E. 154 (1930). The other error asserted concerning the trial is that in instructing the jury about the reputation testimony the court stated that one witness testified that "there may have been some talk about the defendant being involved with some other girl." The instruction was not objected to and the error, if any, was waived, Rule 10(b)(2), N.C. Rules of Appellate Procedure, unless it was "plain error" as laid down in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). In our opinion the statement was not such an error; it was an accurate part of the court's summary of the evidence, both favorable and unfavorable to defendant, and it could not have caused defendant any legal prejudice.

[4] Finally, defendant contends that in sentencing him the court erred in finding as a factor in aggravation that the victim "was and is of tender years." G.S. 15A-1340.4. This finding was made in connection with findings that defendant had no criminal record and was of good reputation, and that the aggravating and mitigating factors were of equal weight. Defendant correctly recognizes that he is not entitled to appeal on this issue because he was sentenced to the presumptive term, G.S. 15A-1444(a1), and the judge was not required to find factors in aggravation and mitigation, G.S. 15A-1340.4(b), and he asks that his contention be accepted as a petition for *certiorari*, which we have done. Even so, the contention has no merit because the record shows that the finding in aggravation was properly made. The aggravating factor as to a victim of crime being "very young or very old," G.S. 15A-1340.4(a)(1)j, concerns the vulnerability of the victim to the particular crime involved, *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d

689 (1983), and it is too obvious for debate that a girl thirteen years old, the age of the victim when defendant's abuse began according to the evidence, is more vulnerable than an adult both to the sexual advances of her father and to the baleful effects of such abuse. *State v. Jackson*, 70 N.C. App. 782, 321 S.E. 2d 169 (1984), involved similar facts and we made the same holding.

No error.

Judges COZORT and GREENE concur.